WILLIAMS, Judge.
Defendant appeals a trial court judgment awarding plaintiff $19,500.00 for injuries sustained in a fall at defendant’s supermarket, alleging that the award is excessive.
On November 15, 1978, at about 8:30 A.M., plaintiff Evelina Jenkins reached above her to select some sausage to purchase, and slipped in a puddle of water leaking from an empty refrigerated meat case which defendant was having replaced. She fell backward and hit her head on the floor; then her left leg folded under her as she landed on her back in the water leaking from the meat cooler. She was crying and was in great pain. Several store personnel helped her into a wheelchair, where she waited, wet and dirty, until her daughter came and picked her up. She went to a neighborhood doctor, who prescribed pain medication. She was bedridden and in great pain for 10 days, until she felt able to get out to see another doctor. She complained of headaches, back pain, and knee pain, and was treated by this second doctor, using diathermy and other procedures, until January 8, 1979. Plaintiff testified that before the accident she had been completely ambulatory, and had, in fact, walked the nine blocks to the supermarket the morning of the accident. After the accident, she was confined to bed much of the time, using crutches to get along around the house, and her cane and the support of others on her much rarer trips outside the house. On August 2, 1979, plaintiff underwent surgery totally replacing her knee.
Defendant argues that the award was excessive because of plaintiff’s pre-existing knee problems. Plaintiff had had left knee trouble since her youth and had undergone surgery removing the left kneecap in 1975. At that time, the possibility of a total knee replacement was first suggested to her because of the effects of degenerative joint disease. Defendant notes that plaintiff’s pre-accident knee x-rays and those taken after the accident are apparently identical. Defendant asserts that it should be responsible only for the damages plaintiff suffered from the time of the accident until her discharge, as recovered, from her treating physician on January 8, 1979, six and one-half weeks after the accident. Defendant claims it should not be held responsible for damages relating to the surgery in which plaintiff’s knee was replaced, as that surgery was inevitable long before the accident at the supermarket and had no causal connection to the accident.
Concerning appellate review of awards of damages, the Louisiana Supreme Court stated in its much-cited decision Reck v. Stevens, 373 So.2d 498 (La.1979):
the initial inquiry must always be directed at whether the trier court’s award for the particular injuries and their effects upon this particular injured person is, a clear abuse of the trier of fact’s “much discretion,” La.Civ.C. art. 1934(3) in the award of damages. It is only after an articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered either excessive or insufficient, [citations omitted].
The Reck court further explained, citing Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977), that even after finding an abuse of discretion, the appellate court could reduce or increase the award only to bring it to the highest or lowest extreme that would have come within the trial court’s wide range of discretion.
After reviewing the particular injuries and their effect upon this 71 year old plaintiff, we find we cannot reduce the trial court’s award. The plaintiff suffered pain and embarrassment at the supermarket, and once home was unable to leave her bed for ten days, so great was her pain. Her freedom became impaired by her lack of mobility. In her old age, the prospect of regaining the health, and returning to the independence, that she had before the setback of her fall, was small. Plaintiff’s doctor testified that the fall could have aggravated plaintiff’s knee condition, per *1328 haps requiring the knee replacement surgery from six months to two years earlier than otherwise. The jury may have been generous in estimating the monetary value that the chance of postponing major surgery held for an elderly woman in her last years of life. Although we consider $17,-000.00 for general damages plus $2,500.00 for medical expenses to be near the top of the range of discretion afforded the trial court under the facts of this case, the Supreme Court’s directives as set forth in. Reck, supra, prevent us from modifying the award given by the trial court.
Based upon the foregoing reasons, the trial court judgment is AFFIRMED.
AFFIRMED.